IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Jose Cervantes, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 7:17-55-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| 21st Century Centennial Insurance Company, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff Jose Cervantes' ("Cervantes") motion to set aside entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. For the reasons below, the court grants Cervantes' motion.

## I. Factual and Procedural Background

This action for declaratory judgment was filed by Cervantes against Defendant 21st Century Centennial Insurance Company ("21st Century") with the Spartanburg County, South Carolina Court of Common Pleas on December 8, 2016. (Compl., ECF No. 1-1.) 21st Century removed the action to this court on the basis of diversity jurisdiction on January 6, 2016. (Not. Removal, ECF No. 1.) 21st Century filed an answer and counterclaim for declaratory judgment on January 9, 2016. (Answer and Countercl., ECF No. 5.) Cervantes did not answer or respond to the counterclaim within the deadline for filing a response. 21st Century requested that the clerk enter default against Cervantes and default was entered on August 4, 2017. (Def. Req. Entry of Default, ECF No. 18.)

1

According to Cervantes, his counsel was unaware of 21st Century's counterclaim because it was not specifically labeled in the answer. (Def. Mot. Set Aside 1, ECF No. 21.) On the same day that default was entered, Cervantes filed a reply to the counterclaim. (Id. at 2, ECF No. 21.) Cervantes filed the instant motion to set aside entry of default on August 16, 2017. (Id., ECF No. 21.) 21st Century failed to respond to Cervantes' motion within the deadline for filing a response. This matter is now ripe for consideration.

## II. DISCUSSION OF THE LAW

Cervantes moves for relief from entry of default pursuant to Rule 55(c). Rule 55(c) states, "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c).

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the [nonmoving] party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006).

Based on the facts and factors set forth above, the court finds that Cervantes has demonstrated good cause. First, Cervantes has established the existence of a meritorious defense. Second, there is no evidence of previous dilatory action on Cervantes' behalf, absent failing to answer 21st Century's poorly identified counterclaim. To the contrary, Cervantes acted promptly once the error was discovered. Surf's Up, LLC v. Rahim, No. 4:14-cv-04706-BHH, 2016 WL 1089393, at *1 (D.S.C. Mar. 21, 2016) (unpublished) (finding that since the defendants acted with promptness once they discovered the error in communication, this factor favored setting aside entry of default). Further, there is no evidence that 21st Century will be prejudiced if the entry of default is set aside. "[D]elay

in and of itself does not constitute prejudice to the opposing party." <u>Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.</u>, 616 F.3d 413, 418 (4th Cir. 2010). Importantly, 21st Century has failed to proffer any other evidence of prejudice as well.

Further, based on Cervantes' allegations and the record before the court, it appears that Cervantes' attorney rather than Cervantes himself bears responsibility for the failure to timely respond to the counterclaim. <u>United States v. Moradi</u>, 673 F.2d 725, 727 (4th Cir. 1982) ("[J]ustice . . . demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings.") Thus, after applying the factors set forth above, the court grants Cervantes' motion and sets aside the entry of default.

Therefore, it is

**ORDERED** that Cervantes' motion to set aside entry of default, docket number 21, is granted.

**IT IS SO ORDERED.**

                                                  s/Henry M. Herlong, Jr.
                                                  Senior United States District Judge

Greenville, South Carolina
August 31, 2017